## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **WILLIAM CHABAN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 15 C 1926 |
| **TARRY WILLIAMS**, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

As this Court told counsel for the parties during the recent status hearing in this action, the press of other matters had prevented it from following its standard practice of reviewing responsive pleadings promptly after they were filed to identify for the authors (and, where called for, to require the correction of) any respects in which they had run afoul of problems identified in the Appendix to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276 (N.D. Ill. 2001) or other pleading glitches. That delay in treatment was caused in substantial part by the fact that three separate Answers had been filed by the action's multiple defendants in response to the 71-paragraph Amended Complaint ("AC") filed against them by plaintiff William Chaban ("Chaban").

In any event, this Court has now been able to carve out the block of time required for that deferred task. What follows will deal with the Answers and accompanying Affirmative Defenses ("ADs") in the sequence that the defendants are named in the case caption.

### Tarry Williams, Michael Lemke and Nicholas Lamb

To begin with, Answer ¶ 64 states:

Defendants make no answer to this paragraph as it states a legal conclusion.

That is simply wrong -- see App'x ¶ 2 to <u>State Farm</u>.  Accordingly that paragraph of the Answer is stricken, and defense counsel are ordered to file a proper response to AC ¶ 64 on or before October 26, 2015.

This Court has noted one other area needing correction:  Each of the ADs is problematic because their invocation of Fed. R. Civ. P. ("Rule") 8(c) runs afoul of the caselaw applying that Rule or App'x ¶ 5 to <u>State Farm</u>.  Here are the problems:

1.     AD 1 asserts that defendants "acted in good faith and in furtherance of lawful objectives" as the predicate for advancing a qualified immunity defense.  But that ignores the allegations of AC ¶ 70:

> Defendants' conduct was willful, wanton, malicious and in reckless or callous disregard of Mr. Chaban's rights under the Eighth Amendment.

Because that allegation is sufficiently "plausible" to meet the requirement of the <u>Twombly</u>-<u>Iqbal</u> canon, and because it must be admitted for AD purposes, AD 1 is stricken -- but that striking is without prejudice because of the possibility that further developments in the course of discovery may undercut the AC ¶ 70 allegations.

2.     AD 2 complains of the AC's failure to establish "defendants' personal involvement . . . with sufficient specificity."  That criticism is appropriate in part because of the AC's tendency to collectivize "defendants" without ascribing particular actions to each.  But because the Answer has asserted that none of the three pleading defendants was in place at Stateville Correctional Center in 2011 and 2012, and because their respective dates of service as Stateville Warden necessarily correspond with the AC's

allegations as to the failure to deliver the required medication to Chaban at

specific times, any contention that the AC should be dismissed on that

score is rejected. It is anticipated that the discovery process will provide

the appropriate clarity as to which individual defendant is assertedly

responsible for which nondeliveries of medication described in the AC.

3.      AD 3 is simply wrong, for AC ¶¶ 32, 69 and 71 (which must, as earlier

stated, be accepted for AD purposes) negate the assertion that Chaban's

"alleged injury is too speculative to provide standing." Hence AD 3 is

also stricken.

### Saleh Obaisi, M.D. and Wexford Health Sources, Inc.

This Answer poses many more problems, either of the nature addressed in State Farm or

otherwise. What is said here may well not be exhaustive, for Chaban's counsel may perhaps

raise other issues.

To begin with, this Answer is replete with disclaimers of the type permitted by

Fed. R. Civ. P. ("Rule") 8(b)(5) where a defendant cannot respond to a plaintiff's allegation in the

"admit or deny" manner called for by Rule 8(b)(1)(B). In many instances counsel have used this

locution:

> Defendants lack knowledge or information sufficient to form a belief as to the
> truth of the remaining allegations contained in paragraph --.

That form is of course appropriate where other portions of the same paragraph of the Answer

either admit or deny or make some assertion as to a portion of the allegations in the

corresponding AC paragraph, but it clearly does not fill the bill where that is the only thing said

in the Answer's paragraph.  Because the word "remaining" makes no sense in the latter situation, this Court strikes it wherever it is employed in the situation just described here.

Next, Answer ¶¶ 8 and 9 deny the accuracy of the corresponding allegations by Chaban, but without stating what aspects of the AC's allegations are assertedly inaccurate.  That style of pleading does not comport with the "notice pleading" concept that governs federal practice -- a concept that should apply to defendants as well as plaintiffs -- so that counsel are ordered to flesh out those responses appropriately on or before October __.

Next, counsel for those defendants respond to AC ¶ 11 in this fashion:

Defendants deny paragraph 11 for purposes of responding to this pleading.
Just what does that mean?  Are those defendants saying that for other purposes they <u>were</u> "acting under color of the laws of the State of Illinois or in active concert with such Defendants who were so acting"?  Some clarification is called for here.

Those two defendants later move to strike AC ¶¶ 22 through 25 as assertedly in violation of Rule 8(d)(1).  That objection is not really constructive, for each of those AD paragraphs sets out a straightforward and readily understandable narrative that covers a single subject, readily lending itself to a straightforward response.  No useful purpose would be served by requiring Chaban's counsel to splinter those paragraphs into multiple parts requiring multiple splintered responses that would almost certainly be needlessly duplicative, for the pleading in its present form comports with the spirit of the Rules.  Those objections and motions to strike are denied.

Next, as to Answer ¶ 33, the AC paragraph to which it responds deals in part with a quotation from an August 21, 2012 order by the Illinois Appellate Court.  Are defense counsel really advancing a Rule 8(b)(5) disclaimer to that AC allegation?  Are counsel asserting that their

clients did or did not know of the Illinois Appellate Court order? That Answer paragraph should be restructured to provide total clarity.

In the same fashion, Answer ¶¶ 53 through 59, which deny allegations as to the responsibilities of Dr. Obaisi and Wexford and as to what the Health Care Unit did or did not do and how that Unit's actions or inactions interacted with those defendants' responsibilities, does not conform to the required notice pleading approach. Once again a fleshing out is called for.

This Answer also poses problems in the ADs that it advances. Here are the difficulties this Court has noted:

1.    ADs 1 and 2 are the essential equivalent of a Rule 12(b)(6) motion. But when Chaban's plausible allegations together with reasonable inferences favoring him are accepted as true, as they must be for Rule 8(c) purposes, they do state a claim potentially viable (though this Court should not be misunderstood as voicing any factual determinations). ADs 1 and 2 are therefore stricken.

2.    AD 3 tracks AD 1 in the first-discussed Answer. As was done regarding that AD, AD 3 is stricken at this point -- but once again without prejudice.

3.    AD 4 asserts a failure to exhaust administrative remedies (see 42 U.S.C. § 1997e(a)), which would appear to call for a hearing under Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008).[1] On that score counsel for the

_____

[1] It must be noted, however, that AC ¶ 4 alleges that Chaban has exhausted all such remedies, and the three-Warden Answer dealt with earlier admits that allegation. More clarification is needed in that respect.

parties are ordered to confer promptly and to advise this Court as to the

need for and procedure for such a hearing.

4. AD 5 asserts a failure to mitigate, an assertion that seem shocking in light

of (1) the repeated deprivations complained of by Chaban and (2) his

situation as an individual who lacks control over the conditions of his

incarceration. Unless defendants can explain that contention rather than

resorting to boilerplate assertions, the contention appear to be a possible

candidate for sanctions. In the meantime AD 5 is stricken unless and until

defense counsel can provide a more persuasive presentation.

## Boswell Pharmacy Services, LLC

Unsurprisingly in light of the more limited nature of the involvement ascribed to this

defendant in AC ¶ 10, its Answer as such appears to pose no pleading problems. Instead this

opinion focuses on some problematic aspects of its ADs:

1. AD 1 disclaims the status of Boswell as a "state actor" for purposes of

Section 1983 of viability. That contention poses the question whether its

involvement brings into play the doctrine first articulated in Burton v.

Wilmington Parking Auth., 365 U.S. 715 (1961) and elaborated by many

cases in the half century since then. AD 1 will be retained for the present,

but this Court anticipates that the subject should be presented for

resolution quite early in the litigation.

2. AD 2 presents another Rule 12(b)(6) argument, but it takes an

impermissibly narrow view of Chaban's claim in most respects (such as

the disclaimer of a "serious medical need" in light of the dangers to him

that are posed by his deprivation of Gleevec. But whether Boswell (in contrast to other defendants) can be charged with "deliberate indifference" is quite another matter, so that its AD 2 will be retained until that issue is presented for decision in an appropriate way.

3. AD 3 once again advances a "good faith" defense, but as before that runs head-on into AC ¶ 70 as an initial matter. Again, however, any rejection of AD 3 at this point may well be reversed as the facts are developed.

4. Unsurprisingly, this AD 4 echoes the other Answers in urging a failure to exhaust administrative remedies. What was previously said in this opinion on that score applies here as well.

5. AD 5 raises the same failure-to-mitigate argument as was posed in the last-discussed defensive pleading and dealt with in this opinion. That argument deserves and gets the same fate here.

### Conclusion

This paragraph will not attempt to recapitulate the many issues dealt with in this opinion. Instead it concludes by ordering the respective defendants to cure the deficiencies identified in the text of this opinion on or before October 26, 2015. That said, the previously established hearing date of December 18, 2015 will be retained in place on the understanding that in the interim any of the matters described in this opinion that appear capable of earlier resolution may be raised by appropriately supported motions.

Milton I. Shadur
Date: October 7, 2015          Senior United States District Judge